[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in New Canaan, Connecticut, on June 27, 1987. Both have resided continuously in this state a sufficient period of time to satisfy the statutory residency requirement. There are no children issue of this marriage. The evidence clearly indicates that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 51, is a bright, intense woman. This was her third marriage and she has two children from her prior marriages. Although the plaintiff has no post high school degrees, she has completed one year of college, taken three years of photography courses and worked as a nursery school teacher. The plaintiff reported two health conditions, but they are under control and they pose no problem to the plaintiff's ability to function or work.
The defendant, age 57, is a bright articulate gentleman. This was his second marriage and he has two children from his previous marriage. He is a graduate of Harvard Law School and currently is deputy chief counsel for Union Carbide Corporation, whose headquarters is located in Danbury, Connecticut. The defendant indicated that he enjoys good health.
There are major disagreements between the parties in two areas. They concern the causes for the dissolution and the contributions the plaintiff made to the marriage. As in most contested cases, credibility is an important consideration.
The plaintiff's lack of candor in some of her testimony and CT Page 5496-RR her failure to offer reasonable explanations for some of her actions during the marriage have cast serious doubt on her entire testimony. The evidence indicates and the court finds that the plaintiff has secreted assets with the apparent intention to deceive the court in both hearings involving a former husband and in the current matter under consideration. The plaintiff has failed to convince the court that she does not still control the twenty thousand ($20,000) dollars of inherited funds she claims she gave to her daughter and the twenty thousand ($20,000) dollars of joint funds she took when she left the defendant. Also, she testified she is currently holding six thousand ($6,000) dollars which she failed to list on her financial affidavit. In addition, the plaintiff has offered no credible testimony as to the reasons she spent from inherited and joint funds sums in excess of one hundred thousand ($100,000) dollars for works of art, jewelry and clothes during the period she believed the marriage was over and she was concerned about her future financial security.
The court finds that the marriage relationship apparently started to deteriorate shortly after it began and broke down irretrievably in 1991 when the plaintiff vacated the master bedroom. The parties continued to live together four years thereafter when the plaintiff decided to institute the present action. The major cause for their problems was the tension created between the parties because of their differences as to values and interests. Each must bear some responsibility for the failure of the relationship.
The court has carefully considered the statutory criteria set forth in Connecticut General Statutes sections 46b-81, 46b-82 and46b-62 in reaching the decisions reflected in the orders that follow.
Although the court has weighed and considered all the criteria, it wants to share with the parties some of its findings that were significant factors in assisting the court in making its ultimate decisions.
(1) The defendant brought substantial assets to the marriage. Major reasons for the appreciation of assets were the defendant's efforts at work for the ten year period prior to this marriage, and the vagaries of the stock market during recent years.
(2) The tax impact on the sale of the defendant's stock CT Page 5496-SS options is a valid consideration. Therefore, the current net worth of the defendant is not as substantial as the plaintiff claims.
(3) The plaintiff's contributions to the defendant's acquisition or appreciation of assets were minimal, at best. The court finds the plaintiff demonstrated a lack of interest in performing household duties, in participating in meaningful financial, charitable or social activities.
(4) The defendant, in addition to providing financial support for the needs of the plaintiff, helped support her two children and acted as a surrogate father to the defendant's younger daughter.
(5) The duration of this marriage was nine years. The behavior of the plaintiff indicates the relationship terminated after four and one-half years, 1991.
(6) The plaintiff has sufficient intelligence and ability to complete her education in nursing, photography or teaching to be able to earn some income. She produced a witness who was her supervisor when the plaintiff taught at nursery school who testified that the plaintiff was a wonderful teacher and thought enough of the plaintiff to offer her the job of supervisor at the school. The court is going to order term alimony so that the plaintiff can complete any formal education to permit her to obtain gainful employment.
Despite being troubled with the plaintiff's lack of candor and her dissipation of funds during the period when she knew her marriage was over, the court has attempted to consider all the criteria and reach a fair and equitable result. The assignment of property ordered together with the alimony awarded should provide the plaintiff with the security she is entitled to after this marital relationship with the defendant.
The court wishes to compliment both counsel for their excellent presentation of their client's case. Their preparation, briefs and oral arguments were most helpful in resolving a difficult matter.
The following orders may enter.
(1) The defendant shall pay to the plaintiff as periodic alimony CT Page 5496-TT the sum of five thousand ($5,000) dollars per month for a period of sixty months. The payments shall commence on October 1, 1996, in advance, and continue until the death of either party, the plaintiff's remarriage or September 30, 2001, whichever event first occurs. A contingent wage withholding order may enter.
The alimony award shall be non modifiable as to amount and term.
(2) The defendant shall designate the plaintiff as beneficiary of life insurance in the amount of two hundred thousand ($200,000) dollars for as long as the defendant is obligated to pay periodic alimony.
(3) The defendant shall cooperate to execute and deliver any and all documents incidental or necessary to the continuing of the present health and medical insurance coverage available through his employment for the benefit of the plaintiff, under the provisions of the Consolidated Omnibus Budget Reconciliation Act (COBRA). All premiums due shall be the obligation of the plaintiff.
(4) The defendant shall pay to the plaintiff as an assignment of property the sum of four hundred twenty five thousand ($425,000) dollars.
(5) The plaintiff is awarded the following assets:
 a. the home furnishings and personal property in her possession, with the exception of the items hereinafter awarded to the defendant;
 b. her jewelry, artwork, china, crystal and sterling;
c. the 1995 Discovery Land Rover motor vehicle;
d. her checking and IRA accounts at New Canaan Bank Trust;
e. her stocks and bonds (Merrill Lynch; CMA).
 The plaintiff shall be solely responsible for the Visa debt listed on her financial affidavit.
(6) The defendant is awarded the following assets: CT Page 5496-UU
 a. the real estate located at 601 Old Stamford Road, New Canaan, Connecticut
 b. the real estate located at 216 Berkley Avenue, Beach Haven, New Jersey, subject to the outstanding mortgage which the defendant shall be solely responsible for and indemnify and hold harmless the plaintiff from any liability thereon;
 c. the 1993 Pathfinder motor vehicle;
d. all stock options in Union Carbide and Praxair corporations;
e. his checking and savings accounts at Fleet Bank;
f. his Union Carbide Savings and Investment Program;
g. his Union Carbide Pension Plan;
h. his Union Carbide Restricted stock.
 The defendant shall be solely responsible for the liabilities listed on his financial affidavit.
The plaintiff shall execute all documents necessary to release any interest she has in the defendant's stock options, pension and profit sharing plans, employees savings plans, the New Jersey residence or any other asset awarded to the defendant within sixty days of this judgment.
(7) The plaintiff shall return to the defendant the following items of personalty:
antique pine chest; antique bed frame; painting of New Jersey residence; black teapot painting; any and all financial documents in plaintiff's possession pertaining to the defendant's accounts and to properties located in New Jersey and New Canaan; black clay storyteller; all of the defendant's photographs taken during the marriage.
(8) Although the court believes that the defendant has developed a fondness for the family pet, Abby, a Jack Russell terrier, it denies the defendant's request for visitation period with the pet. The court does not believe any future contacts between the parties would be in their best interests. Ownership of the dog is CT Page 5496-VV awarded to the plaintiff.
(9) The defendant shall pay toward the plaintiff's counsel fees the sum of twenty five thousand ($25,000) dollars, as the court finds that a total denial of the plaintiff's claim for counsel fees would unduly impair and undermine the other financial awards entered.
Judgment may enter accordingly.
NOVACK, J.